## COPP v. COLORADO COAL & IRON CO.

(Supreme Court, Appellate Term.   January 2, 1901.)

ATTORNEY AND CLIENT—CONTRACT—DISMISSAL—ACTION AS FOR PERFORMANCE.
   Where plaintiff's statements showed either that defendant, by consolidating with another corporation, had made it impossible for plaintiff to perform his contract, or that plaintiff was improperly discharged by defendant's president, an action to recover as for performance of the contract was properly dismissed;  the proper remedy being an action for breach of contract.

Appeal from city court of New York, general term.

Action by William A. Copp against the Colorado Coal & Iron Company.   From a judgment of the general term of the New York city court (65 N. Y. Supp. 789) reversing a judgment in favor of plaintiff, plaintiff appeals.   Affirmed.

Plaintiff was employed by the Colorado Coal & Iron Company to perform legal services, and brought an action to recover as for performance of the contract.   Two years prior to the bringing of the action the Colorado Coal & Iron Company consolidated with the Colorado Fuel Company to form a new corporation, known as the Colorado Fuel & Iron Company, of which J. C. Osgood was president, who prevented plaintiff from performing the contract.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

John O'Connell, for appellant.
James Stikeman, for respondent.

PER CURIAM.   If the plaintiff had any cause of action against the defendant on account of the matters stated, it was for damages for breach of contract.   Either the defendant, by its action in consolidating, made it impossible for the plaintiff to perform, and so become liable as for a breach, or there was a breach of the contract, caused by the plaintiffs' discharge through Osgood.   At all events, it is quite clear that the plaintiff did not and could not perform his contract after the consolidation, and, as the action is to recover as for performance, the complaint should have been dismissed at the trial.

The judgment is affirmed, with costs.

